## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

THE LITTLE CIRCUS THAT COULD, LLC,
d/b/a THE VENARDOS CIRCUS
411 Walnut St., #15070, Green Cove Springs, FL
32043,

        Plaintiff,

    v.

SMALL BUSINESS ADMINISTRATION,
409 3rd Street, SW
Washington, DC 20416,

ISABELLA CASILLAS GUZMAN,
Administrator, Small Business Administration,
409 3rd Street, SW
Washington, DC 20416,

        Defendants.

Civil Action No. _____

## **COMPLAINT**

Plaintiff The Little Circus That Could, LLC, d/b/a The Venardos Circus ("Venardos"), by and through counsel, alleges and states as follows:

### INTRODUCTION

1.     This is an action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking emergency federal financial assistance unlawfully withheld by Defendants Small Business Administration ("SBA") and its Administrator, Isabella Casillas Guzman.

2.     The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act, as amended, 15 U.S.C. § 9009a, established the Shuttered Venue Operators Grant ("SVOG") Program to provide emergency financial assistance to eligible live entertainment businesses impacted by the global COVID-19 pandemic. The SVOG Program is administered by the SBA and

1

Administrator Casillas Guzman.

3.      Plaintiff Venardos demonstrated its eligibility for a SVOG award in its application to the SBA and, following an initial denial, its appeal to the SBA. The SBA denied Venardos' application and its appeal.  The sole reason Venardos was given for the denial was that "it did not meet one or more of the eligibility criteria specific to the entity type under which it applied." *See* October 27, 2021, email from SBA, attached hereto as **Exhibit A**.   This explanation is completely conclusory and sheds no light on the true reason for the denial.

4.      Plaintiff Venardos creates, produces and operates a live theatrical production in venues throughout the United States.

5.      The COVID-19 pandemic has had a devastating impact on Venardos, forcing it to close down, lose over 70% of its revenue in 2020 as compared to 2019 and cancel virtually all vendor and performance contracts.

6.      Venardos subsequently resumed live operations in July 2021. During the first two quarters of 2021, Venardos suffered an approximately 95% loss in revenue as compared to 2019. Venardos needs a SVOG award for precisely the reason Congress created the SVOG Program: to help eligible live entertainment businesses like Venardos recover from the major setbacks they have experienced because of the pandemic.

7.      SVOG funds are limited, and once the SBA has depleted the appropriated amount through awards, eligible businesses may not be able to receive the emergency assistance. Thus, even though Venardos demonstrated that it is an eligible live performing arts organization operator, it may receive no assistance if SVOG funds are depleted before the SBA corrects the erroneous denial of Venardos' application.

**JURISDICTION AND VENUE**

8.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it

presents federal questions under the APA.

9.     Venue lies in this district under 28 U.S.C. § 1391(e)(1).

10.    This Court has authority to issue declaratory and injunctive relief under 5 U.S.C. § 706 and 28 U.S.C. §§ 2201 and 2202.

## PARTIES

11.    Plaintiff Venardos is a traveling circus that is performed under a big top.  Created by former Ringling Bros. Ringmaster Kevin Venardos, The Venardos Circus held its first performance in 2014.  In the years since, the Venardos Circus has grown into a large traveling circus experience that is part traditional circus, part classic vaudeville, and part Cirque du Soleil.

<u>VENARDOS CIRCUS</u>



12.    Defendant Small Business Administration is an independent agency of the federal government.  The SBA's mission is to help Americans start, build and grow businesses.

13.    Defendant Isabella Casillas Guzman is the Administrator of the SBA and oversees its operations.  Administrator Casillas Guzman is sued in her official capacity.

## BACKGROUND

**A. Shuttered Venue Operators Grant Program**

14.    The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (the

"Act"), signed into law December 27, 2020, included $15 billion for grants to operators of shuttered venues. Pub. L. No. 116-260 § 324. The American Rescue Plan, enacted March 11, 2021, amended the Act by providing an additional $1,249,500,000 for SVOG awards.  Pub. L. No.117-2 § 5005(a).

15.     SVOG awards may be used for specified business expenses, including payroll, rent and utility payments, that are incurred between March 1, 2020, and December 31, 2021.  15 U.S.C. § 9009a(d)(1)(A)(i).

16.     An eligible entity may receive a SVOG award in an amount equal to 45 percent of its gross earned revenue in 2019.  15 U.S.C. § 9009a(c).

17.     Eligible businesses with 2021 first quarter revenues of no more than 30 percent of their 2019 first quarter revenues are eligible for supplemental grants in the amount of 50 percent of the original award amount, up to a maximum combined initial and supplemental SVOG award amount of $10 million. 15 U.S.C. § 9009a(b)(3)(A); SBA, *SBA Opens Supplemental Grant Applications for Shuttered Venue Operators Grant Awardees* (Aug. 27, 2021), https://www.sba.gov/article/2021/aug/27/sba-opens-supplemental-grant-applications-shuttered-venue-operators-grant-awardees.  Supplemental awards can be used for costs incurred through June 30, 2022.  15 U.S.C. § 9009a(d)(1)(A)(i).

18.     Eligible entities under the Act include live performing arts organization operators and live venue operators, as well as promoters, theatrical producers, museum operators, motion picture theatre operators, and talent representatives.  15 U.S.C. § 9009a(a)(1)(A).

19.     In addition to falling within an eligible business category, to qualify for a SVOG award a business must meet general eligibility criteria including, *inter alia*, that the business was fully operational on February 29, 2020, suffered at least a 25 percent reduction of gross earned revenue during at least one quarter of 2020 as compared to 2019, and has reopened or intends to

reopen. 15 U.S.C. § 9009a(a)(1)(A). The Act lists a number of characteristics that would render an entity ineligible, including, *inter alia*, issuance of securities on a national securities exchange, employing more than 500 employees, and presenting live performances of a prurient sexual nature. *Id.* § 9009a(a)(1)(A)(vi), 9009a(a)(1)(B).

20.     The Act defines live venue operator or promotor, theatrical producer, or live performing arts organization operator identically.  15 U.S.C. § 9009a(a)(3)(A)(i).  The definition includes an entity that as a principal business activity organizes, promotes, produces manages or hosts live concerts, comedy shows, theatrical production or events by performing artists for which there is a ticketed cover charge, performers are paid in an amount set by sales or for agreement, and not less than 70 percent of revenue is generated through ticket sales or event beverages, food or merchandise.  *Id.*

21.     The Act specifies that live venue operator or promotor, theatrical producer, or live performing arts organization operator to be eligible, it must have additional characteristics.  It must put on events with defined performance and audience spaces; use mixing equipment, a public address system and a lighting rig; engage one or more individuals to carry out at least two of the following roles—sound engineer, booker, promoter, stage manager, security personnel, or box office manager; sell tickets or impose a cover charge for most performances; fairly pay artists; and market its events including through print or electronic publications, websites, mass email, or social media.  15 U.S.C. § 9009a(a)(1)(A)(iii).

### B.  Venardos' SVOG Application and the SBA's Denial

22.     On April 26, 2021, Venardos applied for a SVOG award of $1,088,872.35.

In its application, Venardos demonstrated that it satisfied the criteria for eligibility as "a live venue operator or promoter, theatrical producer, or live performing arts organization operator."  *See* 15 U.S.C. § 9009a(a)(3)(A) (defining the term "live venue operator or promotor,

theatrical producer, or live performing arts organization operator"). Venardos demonstrated that its losses in 2020 exceeded the 25 percent statutory threshold by submitting its financial statements and tax returns for 2019 and 2020. Venardos also submitted, among other things: (i) documents demonstrating the performance space and defined audience space (floor plan), lighting rig (photos of lighting), mixing equipment (photos of sound mixing equipment) and public address system (photos of PA system). Venardos further provided the certifications of eligibility required by the SBA's guidance on SVOG applications.

23.     On July 16, 2021, Venardos learned from the SBA's portal that its application was denied. No reason was given to Venardos for its denial.

24.     On August 4, 2021, Venardos submitted an administrative appeal of the denial to the SBA. Because the denial included no explanation, Venardos' appeal elaborated on why it satisfies all of the criteria for eligibility as a live venue operator or promotor, theatrical producer, or live performing arts organization operator.

25.     Venardos explained in detail and with supporting documentation how it meets each of the general eligibility requirements for a SVOG award and each of the specific eligibility requirements for live performing arts organization operators. Venardos' supporting documentation included: its quarterly income statements for 2019 and 2020; 2019 and 2020 tax returns; advertising receipts; contracts with live performing artists; box office records reflecting cover charges and ticket sales; employee records and contractor agreements reflecting engagement of a sound engineer, box office manager, and bookers and promoters; photographs and floorplans demonstrating its defined performance space, audience space, sound mixing equipment, public address system, and lighting rig; payroll and other records reflecting its periods of operation; web links to marketing materials and websites; and other documentation.

26.     On October 27, 2021, the SBA notified Venardos that its appeal was denied. The

portal's denial notice gave only a conclusory explanation that Venardos "did not meet the eligibility criteria" for the reason why the SBA found Venardos ineligible.  *See* **Ex. A**.

27.    The SBA's denial of Venardos' appeal is the agency's final decision.

### CLAIMS FOR RELIEF

28.    The courts recognize a strong presumption favoring judicial review of administrative action.

29.    The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."  5 U.S.C. § 702.

30.    The APA provides that "final agency action for which there is no other adequate remedy in a court" is "subject to judicial review." 5 U.S.C. § 704.

31.    The APA provides that courts will "hold unlawful and set aside" agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence."  5 U.S.C. § 706(2)(A) and (E), respectively.

32.    The SBA is an "agency" whose final actions are reviewable under the APA.

### COUNT I - ARBITRARY AND CAPRICIOUS AGENCY ACTION

33.    Venardos realleges and incorporates by reference each of the preceding paragraphs and allegations.

34.    A basic requirement of administrative law is that an agency provide the reasons for its decisions. However, the SBA gave no reason for denying Venardos' application, nor did it provide any substantive reason when it denied Venardos' appeal.  The SBA's sole explanation was that Venardos "did not meet the eligibility criteria." This explanation is conclusory and inadequate under the APA.

35.    Indeed, the SBA's decision on Venardos' application conflicts with the evidence of

Venardos' eligibility that it presented to SBA in its application and in its appeal.

36.     The SBA further erred by treating Venardos disparately from similarly situated businesses that were granted SVOG awards. Specifically, the SBA approved the SVOG application of Venardos' competitors:

- Flynn Creek Circus, LLC

- Tabares Entertainment Inc

- Big Top Works, LLC

- Hanneford Circus

- HV LLC (Producers of Circus Vazquez)

- Soul Circus Inc

- Carden International Circus Inc

- Carson and Barnes Circus Inc

- Circus Flora Inc

- Circus Bella

37.     The SBAs funding of the aforementioned entities has further exacerbated Venardos' Covid related damages.  After receiving funding from the SBA, these competitors have booked venues and hired performers that were previously a part of Venardos' network.  The SVOG funding has served as a significant competitive advantage to Venardos competitors.

38.     For each of these reasons, the SBA's denial of Venardos' SVOG award request is arbitrary and capricious.

**COUNT II - AGENCY ACTION CONTRARY TO LAW**

39.     Venardos realleges and incorporates by reference each of the preceding paragraphs and allegations.

40.     Venardos meets the Act's definition of a live performing arts organization

operator and satisfies the Act's general eligibility criteria for a SVOG award.

41.     The SBA's denial of Venardos' SVOG award request therefore violated the Act and is contrary to law.

**COUNT III - AGENCY DECISION UNSUPPORTED BY SUBSTANTIAL EVIDENCE**

42.     Venardos realleges and incorporates by reference each of the preceding paragraphs and allegations.

43.     The SBA's denial of Venardos' SVOG award request is supported by no evidence in the record, let alone substantial evidence. Venardos' application and appeal presented evidence that demonstrates Venardos is eligible for a SVOG award.

44.     The SBA's denial of Venardos' SVOG award request is thus unsupported by substantial evidence.

**PRAYER FOR RELIEF**

For the foregoing reasons, Venardos respectfully requests that this Court:

1.     Declare unlawful and set aside Defendants' denial of Venardos' SVOG award request.

2.     Preliminarily and permanently order Defendants to consider Venardos' application for a SVOG award consistent with applicable law and the evidence before the SBA.

3.     Preliminarily and permanently order Defendants to award Venardos $1,088,872.35 in SVOG funds.

4.     Preliminarily and permanently order Defendants to grant Venardos a supplemental SVOG award of $556,904.93.

5.     Preliminarily and permanently order Defendants to retain appropriations from the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (Pub. L. No. 116-260 § 324) and/or the American Rescue Plan (Pub. L. No. 117-2 § 5005(b)) in an amount sufficient to

fund Venardos' SVOG initial and supplemental grant awards.

6.      Award Plaintiffs their costs and reasonable attorney fees; and

7.      Grant such other and further relief as the Court deems just and proper.

Dated: November 8, 2021

                            Respectfully submitted,


                            /s/  Jeffrey E. McFadden
                            Jeffrey E. McFadden
                            D.C. Bar No. 434234
                            LAW OFFICES OF JEFFREY E. MCFADDEN, LLC
                            312 Prospect Bay Drive E.
                            Gransonville, MD 21638-1181
                            410-490-1163
                            jmcfadden@jmcfaddenlaw.com

                            Tyler W. Hudson
                            D.C. Bar No. 485971
                            Eric D. Barton
                            Missouri Bar No. 64112
                            (*pro hac vice* motion to be filed)
                            WAGSTAFF & CARTMELL LLP
                            4740 Grand Ave., Suite 300
                            Kansas City, MO 64112
                            816-701-1100
                            thudson@wcllp.com
                            ebarton@wcllp.com

                            Matthew S. Mokwa
                            Fla. Bar No.47761
                            (*pro hac vice* motion to be filed)
                            THE MAHER LAW FIRM, PA
                            271 West Canton Ave, Suite 1
                            Winter Park, FL 32789
                            407-839-0866
                            mmokwa@maherlawfirm.com

                            ***Counsel for The Little Circus That Could, LLC***